[Cite as *State v. Furman*, 2016-Ohio-316.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

STATE OF OHIO          :

                               :    Appellate Case Nos. 26677

        Plaintiff-Appellee          :                    26678

                               :

v.          :    Trial Court Case Nos. 14-CR-1871

                               :                14-CR-4276

JOSEPH M. FURMAN          :

                               :    (Criminal Appeal from

        Defendant-Appellant          :     Common Pleas Court)

                               :

. . . . . . . . . . .

O P I N I O N

Rendered on the 29th day of January, 2016.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ANN M. GRABER, Atty. Reg. No. 0091731, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

MARK A. FISHER, Atty. Reg. No. 0066939, Staton, Fisher & Conboy LLP, 5613 Brandt Pike, Huber Heights, Ohio 45424
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Joseph M. Furman appeals, in Case No. 26677, from

his conviction and sentence for Improper Handling of a Firearm in a Motor Vehicle, in violation of R.C. 2923.16(D)(1), a felony of the fifth degree, and Operating a Motor Vehicle with a Prohibited Concentration of Alcohol in his Breath, in violation of R.C. 4511.19(A)(1)(h) and 4511.19(G)(1)(a), a misdemeanor of the first degree. In Case No. 26678, Furman appeals from his conviction and sentence for Failure to Comply with the Order or Signal of a Police Officer (serious physical harm/substantial risk), in violation of R.C. 2921.331(B) and (C)(5), a felony of the third degree.

{¶ 2} Furman has not asserted any errors germane to his appeal in Case No. 26677. In Case No. 26678, he contends that the sentence imposed, imprisonment for 15 months, is contrary to law, since that is not one of the prison terms prescribed for a third-degree felony. The State agrees with Furman, conceding error in this regard. We also agree. Accordingly, the sentence imposed in trial court case no. 14-CR-4276 is Reversed, the judgments in both cases are Affirmed in all other respects, and the cause in case no. 14-CR-4276 is Remanded for re-sentencing.

## I.    The Course of Proceedings

{¶ 3} In trial court case no. 14-CR-01871, Furman was charged by indictment with four offenses, including Improper Handling of a Firearm in a Motor Vehicle and OVI. He tendered guilty pleas to those two charges. It appears that the other charges in that indictment were dismissed. Furman sought, and the trial court ordered, intervention in lieu of conviction with respect to the Improper Handling charge. He was not eligible for ILC with respect to the OVI charge. The trial court sentenced Furman to community control sanctions for five years on the OVI conviction.

{¶ 4} Thereafter, while Furman was on ILC and community control sanctions, he committed the Failure to Comply offense, and was indicted therefor. Furman pled guilty to that offense. Furman was sentenced to imprisonment for 15 months for the Failure to Comply offense. His intervention in lieu of conviction for the Improper Handling offense was revoked, and he was sentenced to community control sanctions for that offense. In view of his prison sentence for Failure to Comply, the trial court administratively terminated, as unsuccessful, his community control sanctions in case no. 14-CR-01871.

{¶ 5} In appellate case no. 26677, Furman appeals from the final judgment rendered in trial court case no. 14-CR-01871. In appellate case no. 26678, Furman appeals from the final judgment rendered in trial court case no. 14-CR-4276.

## II.     The Fifteen-Month Prison Sentence Is Contrary to Law

{¶ 6} Furman's sole assignment of error is as follows:

DEFENDANT WAS IMPROPERLY SENTENCED TO FIFTEEN MONTHS IN PRISON.

{¶ 7} R.C. 2929.14(A)(3)(b) prescribes the prison term that may be imposed for a third-degree felony:

For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months.

{¶ 8} Failure to Comply is not one of the offenses to which R.C. 2929.14(A)(3)(a) applies. Therefore, the statute prescribes that Furman's sentence for Failure to Comply

"shall be" imprisonment for 9, 12, 18, 24, 30, or 36 months.   The sentence the trial court imposed, imprisonment for 15 months, is not an authorized sentence under the statute. Therefore, it is contrary to law.

{¶ 9} The State concedes error in this regard.   Both parties agree that the proper remedy is to reverse the sentence and remand for re-sentencing in conformity with the statute.   Furman's sole assignment of error is sustained.


### III.    Conclusion

{¶ 10} Furman's sole assignment of error having been sustained, the sentence imposed in trial court case no. 14-CR-4276 is Reversed, the judgment of the trial court in that case is Affirmed in all other respects, and the cause in case no. 14-CR-4276 is Remanded for re-sentencing, consistent with this opinion.   Furman's sole assignment of error not having implicated the judgment of the trial court in case no. 14-CR-01871, that judgment is Affirmed.

. . . . . . . . . .


FROELICH and WELBAUM, JJ., concur.


Copies mailed to:

Mathias H. Heck
Ann M. Graber
Mark Fisher
Hon. Mary K. Huffman